IN RE ESTATE OF D. K. SARBAUGH.

WILLIAM DENNING et al., Appellees, v. AMERICAN SURETY COMPANY OF NEW YORK, Appellant.

No. 45712.

DECEMBER 9, 1941.

OPINION MODIFIED JANUARY 14, 1942.

Musmaker & Musmaker and Isador Robinson, for appellees.

Batschelet & Vincent and Stipp, Perry, Bannister & Starzinger, for appellant.

MILLER, C. J.—Carl P. Knox and Eliza Sarbaugh were duly appointed executors of the estate of D. K. Sarbaugh, deceased, qualified as such and on January 21, 1935, listed among the assets of the estate a note of Viola A. Knox dated March 1, 1921, in the amount of $4,000 bearing interest at 5½ per cent, secured by a mortgage on certain real estate in Adair and Guthrie Counties. Approximately one year after she qualified as such executor, Eliza Sarbaugh died and thereafter Knox continued to act as sole executor of the estate.

The $4,000 note listed in the name of Viola A. Knox (wife of said Carl P. Knox) was actually signed by Knox alone, although his wife joined in the mortgage. The real estate described in the mortgage was conveyed by Knox to his wife prior to his appointment as executor herein. The note originally signed by Knox was dated March 1, 1921, in the amount of $8,500, due March 1, 1926. The balance of the principal due on said note had been reduced to $4,000 at the time of the death of the testator herein. The interest on said note was paid up to March 1, 1938.

On April 19, 1940, Knox filed in this estate an annual report, to which report objections were filed. Among the objections asserted was the failure to list the $4,000 note of Knox as an asset of the estate. The objectors also took exception to attorney fees and executor fees claimed by Knox amounting to $3,807. Various other devisees joined in the objections made to the annual report. Knox filed a resistance to such objections and later amended his resistance by asserting as follows:

"That any claim against this executor for relief because

of failure to collect a certain note signed by Carl P. Knox individually upon which the principal of said note unpaid amounts to the sum of $4,000.00, is barred by statute of limitations as shown by Section 11007 of the Code of Iowa; and any claim against said Carl P. Knox on said note individually on the obligation hereinabove referred to is barred by the statute of limitations as shown by Code Section 11007.''

The matter came on for trial before the court, sitting without a jury, at the conclusion of which trial the court made certain findings of fact and conclusions of law. In regard to the $4,000 note of Knox, the court determined as follows:

''The court further finds that said mortgage was a first lien on the real estate above described from March 1st, 1921, until its due date, March 1st, 1926, and for ten years thereafter and up until March 1st, 1936.

''That Carl P. Knox had, prior to the time of his appointment as Executor, conveyed said real estate to his wife, Viola A. Knox, but the court further finds that if the said Carl P. Knox, as Executor, had enforced said mortgage against said real estate at any time between the date of his appointment in January, 1935, and the date that the same outlawed, March 1st, 1936, the security would have been ample to have paid said note in full, and that his failure to take any action toward the collection of said note constituted negligence on his part, making him liable to the estate for the full value thereof, * * * and further finds from the evidence introduced on the trial that Carl P. Knox has been insolvent from the time of his appointment as Executor and is still insolvent and denies his ability to pay the $4,000 note and interest and is in default in his indebtedness to said estate in the amount of $4585.00.''

The court overruled the objections to the fees claimed by Knox in the sum of $3,807. It appointed H. E. Newton administrator with will annexed, fixed his bond at $6,000, ordered Knox to turn over the assets of the estate to the said Newton and to pay him the sum of $4,585 within ten days from his qualification.

On November 19, 1940, Knox appealed to this court. Thereafter Knox died. The administrator of his estate being un-

willing to prosecute the appeal, the American Surety Company, surety on Knox's bond as executor, made application to Hon. W. L. Bliss, Assistant Chief Justice of this court, and secured from him an order granting it the right to prosecute the appeal herein. The administrator of the estate of Knox has filed a motion to dismiss the appeal, asserting that the surety on Knox's bond as executor has no right to prosecute this appeal and further that the surety company, in prosecuting the appeal perfected by Knox originally, cannot take a position in this court directly opposed to that taken by Knox in the court below.

As above pointed out, in the trial below Knox specifically pleaded that any claim against him, as executor or individually, by reason of the $4,000 note is barred by the statute of limitations. The court sustained this contention in part and then made it the basis for its finding that Knox was negligent in not enforcing the security. In the brief and argument filed by the American Surety Company as appellant herein, but one proposition is asserted, namely, that "The court erred in holding that the statute of limitations had barred the collection of the executor's individual indebtedness to the decedent's estate so as to make the executor liable in his official capacity" for the following reasons: "1. The running of the statute of limitations on the executor's individual indebtedness to the estate of which he was fiduciary was tolled by operation of law during the period he was so acting. 2. The executor, by listing the note at its face value in his written annual reports to the court, admitted his indebtedness thereon so as to waive the bar of the statute of limitations. 3. The statute of limitations is a defense, and it was not raised as a defense by Knox, but to the contrary the indebtedness was admitted by Knox in his pleadings."

In response to the motion to dismiss, the American Surety Company challenges the right of the administrator of Knox's estate to move to dismiss the appeal, asserting that it was the duty of such administrator to prosecute the appeal, not dismiss it. The resistance also asserts, "It is true that Carl Knox, as executor, plead the statute of limitations in the court below. However, in raising the bar of the statute of limitations, he was

relying on the limitation of the period for recovery against officials, as set forth in Code Section 11007. As an individual Carl Knox did plead the statute of limitations on the mortgage debt, but Carl Knox was not before the court in his individual capacity and his liability was determined with respect to his official capacity. This appeal involves the liability of Carl Knox in his official capacity and, with respect to such liability, this surety is vitally concerned since it is the settled law of this state that a surety is bound by an adjudication against his principal under those conditions."

The appellees, in their brief and argument, rely upon the fact that Knox pleaded the statute of limitations in resistance to the objections filed by appellees.

Many interesting questions are presented by the contentions of the parties above reviewed. However, one question seems to be determinative of this controversy.

In the case of Conkling v. Standard Oil Co., 138 Iowa 596, 600, 116 N. W. 822, 824, we state:

"Moreover, the case must be considered in this court following the line of the theory on which it was tried in the court below; and this we feel constrained to say, although the point is not made by counsel for appellee. In justice to the trial court, if on no other ground, we will not permit a party to mend his hold after coming into this court, and seek to advantage himself on grounds not suggested on the trial below."

The foregoing proposition is well established by repeated pronouncements of this court. Further citations would appear to be superfluous.

In support of the first reason given by appellant to sustain its contention herein, reliance is had upon the case of In re Estate of Parker, 189 Iowa 1131, 1144, 179 N. W. 525. We have carefully examined the record. We do not find at any place that the rule announced by this decision was invoked on the trial below. In support of the second reason asserted to sustain its contention, appellant relies upon our decision in the case of Blakeney v. Wyland, 115 Iowa 607, 611, 89 N. W. 16. We are unable to find that the rule announced by this case was invoked on the trial below. The third reason given, that the

statute of limitations was not pleaded as a defense by Knox, appears to be refuted by the quotation from the resistance filed by Knox hereinabove set out. Accordingly, we are of the opinion that the questions now presented were not properly raised below and should not be considered for the first time in this court. We do not pass upon the question whether the surety has a right to continue the appeal over the objection of the administrator for the estate of the deceased executor. All we do hold is that, passing that question, there is nothing raised that we can determine.

Appellees have perfected a cross-appeal wherein they challenge the court's allowance of fees and expenses to Knox. This is a matter wherein the court had considerable discretion. In view of all the circumstances shown by the record herein, we are not disposed to interfere therewith.

By reason of the foregoing, the order and judgment appealed from must be and it is affirmed.—Affirmed.

All JUSTICES concur.